



## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | |
|---|---|
| MICHELLE EADIE, | ) |
| Plaintiff, | ) Case No. |
| v. | ) COMPLAINT 1:15CV303 HSO-JCG |
| MEDICREDIT, INC., | ) |
| Defendant. | ) JURY DEMANDED |

Now comes the Plaintiff, MICHELLE EADIE, by and through her attorneys, and for her Complaint against the Defendant, MEDICREDIT, INC., Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367, and 15 U.S.C. § 1692k(d). This jurisdiction includes supplemental jurisdiction with respect to pendent state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

### PARTIES

4. Plaintiff is an individual who was at all relevant times residing in Gulfport, Mississippi.

5. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

6. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

7. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

8. On information and belief, Defendant is a corporation of the State of Missouri, which is licensed to do business in Mississippi, and which has its principal place of business in Columbia, Missouri.

## STATEMENTS OF FACTS

9. On or about July 7, 2015, Defendant placed a telephone call to Plaintiff in an attempt to collect the aforementioned alleged debt.

10. During said communication, Plaintiff informed the employee, agent and/or representative of Defendant with whom she spoke with, that she was represented by a law firm with respect to the alleged debt, and provided her attorneys' contact information.

11. Despite having received notice of Plaintiff's attorneys' representation, on or about July 16, 2015, Defendant placed another telephone call to Plaintiff in another attempt to collect the alleged debt.

12. Subsequently, Defendant began placing telephone calls more frequently to the Plaintiff in additional attempts to collect the alleged debt. Said telephone calls took place on a daily basis.

13. In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

14. Plaintiff was previously diagnosed with a medical condition, psoriasis, which is aggravated by stress.

15. On July 24, 2015, Plaintiff had to visit a dermatologist because her psoriasis became worse due to Defendant's continued collection efforts.

16. As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer stress, aggravation, emotional distress and mental anguish.

17. Specifically, Plaintiff's psoriasis has spread over most of her body and it is very noticeable. Her students comment on it and her boyfriend asked if the condition was contagious. She felt and continues to feel very uncomfortable, embarrassed, and less attractive because of this worsening condition. On or about July 24, 2015, Plaintiff had to miss work to see a dermatology specialist for more professional help.

## COUNT I

18. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 17 as if reiterated herein.

19. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff after Defendant had been advised that Plaintiff was represented by an attorney with respect to the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

  b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

  c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

  d. Any other legal and/or equitable relief as the Court deems appropriate

## COUNT II

20. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 17 as if reiterated herein.

21. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiff in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

  a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

  b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

  c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

  d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT III

22. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 17 as if reiterated herein.

23. Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her FDCPA claims in this action.

RESPECTFULLY SUBMITTED,

MICHELLE EADIE

By: _____
Attorney for Plaintiff

Patrick Sheehan
Bar No. 6747
Jason Allen Law, PLLC
429 Porter Avenue
Ocean Springs, MS 39564
Phone: (228) 875-0572
Fax: (866) 359-7478
pat@sheehanlawfirm.com